## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

       Plaintiff,

vs.                                     **Criminal No.  08-0996 WJ**

**MARCOS MACARIO and**
**JOSE RAMON MACARIO-GARCIA,**

       Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION[1]

    1. This matter is before the Court upon Defendant Marcos Marcario's Motion to Reconsider Order of Detention (Docket No. 25). That motion has been referred to the undersigned pursuant to 28 U.S.C. §636(b)(1)(B) for proposed findings and a recommended disposition. (Docket No. 39). In making these recommendations and the proposed disposition, the Court has considered Defendant's Motion (Docket No. 25), the United States' Response (Docket No. 28), Defendant's Reply (Docket No. 30) as well as Defendant's Supplement to the Motion (Docket No. 47).

    2. Defendant is charged with Conspiracy to commit Possession with Intent to Distribute 5

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

Kilograms and More of a Mixture and Substance Containing a Detectable Amount of Cocaine contrary to 21 U.S.C. §§846 and Possession with Intent to Distribute 5 Kilograms and More of a Mixture and Substance Containing a Detectable Amount of Cocaine contrary to 21 U.S.C. §§841(a)(1) and (b)(1)(A). On April 15, 2008, in McKinley County, in the District of New Mexico Defendant and Defendant Jose Ramon Macario-Garcia were found driving a tractor-trailer with approximately 32 kilograms of cocaine in it. Complaint, Docket No. 1. Defendant was driving the vehicle and Defendant Jose Ramon Macario-Garcia, the passenger in the vehicle and Defendant's brother, held the key to the trailer. Id.

On April 17, 2008, Defendant appeared before the undersigned at a Preliminary/Detention Hearing, whereupon the Court found probable cause and entered an Order of Detention (Docket No. 7). The Court found that the Defendant has ties to Mexico and that based upon the strength of the evidence and the length of possible sentence that he is a flight risk and a danger to the community. Defendant appealed (Docket No.  9) the Order of Detention, arguing that most of his family lives in Central California, including his wife and children who had immigrated within the last two years, asserting that he has no prior criminal history and asserting that the evidence whether he made any incriminating statement is conflicting. The appeal was denied. (Docket No. 18). In the instant motion, Defendant argues that the United States relied heavily upon his alleged knowledge of the presence of cocaine but that, contrary to those arguments, he was only told that there was "something" in the trailer and did not know about the drugs.

3. At a detention hearing held pursuant to 18 U.S.C. §3142(f), the United States bears the burden of proof and must prove risk of flight by a preponderance of the evidence and dangerous to any other person or to the community by clear and convincing evidence. United States v. Cisneros,

328 F.3d 610, 616 (10th Cir. 2003).[2] The United States met that burden before this judicial officer and again on *de novo* review before the District Judge.

      4. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. Taliaferro v. City of Kansas City, 128 F.R.D. 675, 677 (D.Kan.1989) see also United States v. D'Armond, 80 F.Supp.2d 1157, 1170 (D.Kan. 1999) (The standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case). The decision whether to grant a motion to reconsider is within the Court's discretion. D'Armond, 80 F.Supp.2d at 1171.

5.      The premise of Defendant's Motion to Reconsider, that he did not know about the drugs in the trailer and that the Court was misled by testimony to that effect, is not supported by the evidence he submits. In his interview following his arrest, Defendant was asked whether he had been told by his brother that they were transporting cocaine:

        Question: "Ok. And he never told you he had cocaine?"
        Answer: "Well, no, not exactly cocaine."
        Question: "A kind of drug?"

---

    [2] In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider: 1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person, including-A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Answer: "Yes, dru- just drugs, but not, no, I, I don't know if it was cocaine or whatever, something else...."

While Defendant asserts that he was unaware he was assisting in the transport of cocaine, he knew he was helping to convey illegal drugs, as shown in the interview:

Question: "But you did know you had drugs."
Answer: "Mm, well (unintelligible)"
Question: "(unintelligible) well, something illegal, right?"
Answer: "Uh, I was told, I was told, yes. The thing is, the thing is, so–something, something, something bad, something illegal. I mean, the drugs, but I wasn't told that, that it was cocaine."

Defendant's Transmittal of Documents Re: Expansion of Record (Docket No. 47). Defendant also denied knowledge of the drugs early in his interrogation:

Question: "OK. So what you're telling me is that you never knew anything about the, about the cocaine you guys had?"
Answer: "Not until, honestly, I didn't, uh- - Because really, I was surprised when, well, when I was handcuffed over there, because- - "

Nonetheless, the information provided by Defendant to the Court does not demonstrate a misapprehension of the facts or the law. Defendant may not have known that he was helping transport cocaine, but he knew that he was helping to transport something illegal and the factors leading the Court to conclude that he is a flight risk are not changed by the distinction in the characterization of his answers in his post-arrest interrogation.

**RECOMMENDED DISPOSITION:**

That the Motion for Reconsideration be denied.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**

4